FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

MAY 29 2015

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, )
on behalf of its agency, the United )
States Small Business Administration )
)
Plaintiff, )
)
vs. ) Civ. Action No. 15-0365
)
GROSVENOR SPECIAL VENTURES IV, L.P. )
)
Defendant. )
)

8:15mc59

FILED

MAY 21 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## CONSENT ORDER OF RECEIVERSHIP

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Pursuant to the provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of GROSVENOR SPECIAL VENTURES IV, L.P. ("Grosvenor") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver ("the Receiver") of Grosvenor to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshalling and liquidating in an orderly manner all of Grosvenor's assets and satisfying the claims of creditors thereof in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partner, managers, officers, directors, investment advisors and other agents of Grosvenor under applicable state and federal law, by the Certificate of Limited Partnership and Agreement of Limited Partnership of said limited

1

partnership and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partner, managers, officers, directors, investment advisors and other agents of Grosvenor are hereby dismissed and their powers are hereby suspended. Such persons shall have no authority with respect to Grosvenor's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Grosvenor and shall pursue and preserve all of its claims.

3. The past and/or present general partner, members, managers, officers, directors, investment advisors, agents, trustees, attorneys, accountants, and employees of Grosvenor, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Grosvenor and its assets and all other assets and property of the corporation, whether real or personal. The manager/members of Grosvenor shall furnish a written statement within ten (10) days after the entry of this Order, listing the identity, location and estimated value of all assets of Grosvenor as well as the names, addresses and amounts of claims of all known creditors of Grosvenor. Within thirty (30) days following the entry of this Order, such person shall also furnish a written report describing all assets. All persons having control, custody or possession of any assets or property of Grosvenor are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known members, officers, directors, agents, employees, shareholders, creditors and debtors of Grosvenor, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation or debt to Grosvenor, until

2

further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Grosvenor had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Grosvenor, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any asset (including without limitation any claim), other than real estate.

6. Grosvenor's past and/or present general partner, members, officers, directors, agents, accountants, managers, shareholders, employees, debtors and creditors of Grosvenor and other appropriate persons (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall, upon reasonable notice, answer under oath to the Receiver all questions which the Receiver may put to them in compliance with the Federal Rules of Civil Procedure, and pursuant thereto shall produce any documents as required by

the Receiver regarding the business of said corporation, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Grosvenor. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other discovery concerning the assets, property or business operations of Grosvenor, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Grosvenor, the Receiver shall make its discovery request(s) in compliance with the notice, subpoena and other Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving (i) Grosvenor, (ii) any assets of Grosvenor, (iii) the Receiver for Grosvenor or (iv) Grosvenor's present or past general partner, officers, directors, managers, or members to the extent said civil legal proceedings involve any action taken by them while acting in their official capacity with Grosvenor, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature without further order of this Court.

8. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving (i) Grosvenor, (ii) any of assets of Grosvenor, (iii) the Receiver for Grosvenor or (iv) Grosvenor's present or past general partner, officers, directors, managers, or members to the extent said civil legal proceedings involve any action taken in their official capacity for Grosvenor are stayed in their entirety, and all courts having any jurisdiction thereof are enjoined from taking or permitting any action in such proceedings until further Order of this Court.

4

9. Further, as to a cause of action accrued or accruing in favor of Grosvenor against a third person or party, any applicable statute of limitation is tolled to the extent allowed by applicable law during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

10. Grosvenor and its past and/or present general partner, managers, members, officers, directors, agents, investment advisors, employees and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Grosvenor to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. Part 107.

11. The Receiver is authorized to borrow on behalf of Grosvenor, from the SBA, up to $500,000, and is authorized to cause Grosvenor to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Grosvenor, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of partners of Grosvenor.

12. This Court determines and adjudicates that Grosvenor has violated the Small Business Investment Act, 15 U.S.C. 661 et. seq, and the Regulations promulgated thereunder at 13 C.F.R. §107.1 et. seq, as alleged in the Complaint filed in this matter.

5

8:15-mc-00059-UNA   Doc # 2   Filed: 05/29/15   Page 6 of 6 - Page ID # 12

Case 1:15-cv-00365-RJL   Document 4   Filed 05/21/15   Page 6 of 6

13. After completing its activities in accordance with this Order, the Receiver may recommend that Grosvenor's license as an SBIC be revoked and that control of the limited partnership be returned to Grosvenor's general partner and/or its designee or successor in interest.

SO ORDERED

DATED this 20 day of May, 2015

_____
THE HONORABLE
UNITED STATES DISTRICT COURT JUDGE

SEEN AND AGREED BY GROSVENOR SPECIAL VENTURES IV, L.P. AND THE U.S. SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:

GROSVENOR SPECIAL VENTURES IV, L.P.

Dated: _____   By: _____

Title: Managing Member
GROSVENOR SPECIAL VENTURES IV, LLC
General Partner GSV IV GP, LLC

Witness: _____

Printed Name: W. Oak Stanbridge

UNITED STATES SMALL BUSINESS ADMINISTRATION

Dated: 1/8/14   By: _____
Gail G. Green, Chief, Account Resolution

Witness: _____

6